IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA GULDEN, ) | |
| ) | |
| Plaintiff, ) | **JURY DEMAND** |
| ) | |
| vs. ) | Civil No. 3:14-1041 |
| ) | (Judge Trauger) |
| MENAGES, INC., ) | (Magistrate Judge Knowles) |
| ) | |
| Defendant. ) | |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Comes now the Defendant, Menages, Inc., and in support of its motion to dismiss the amended complaint would respectfully cite to the Court the following authorities and argument:

The essential question for the Court's determination is whether the averments of the amended complaint, construed in the light most favorable to the Plaintiff, show the applicability of the Fair Labor Standards Act (FLSA, codified at 29 United States Code § 201, *et seq.*) to the facts and circumstances pled by the Plaintiff in this action. This requires consideration of both the subject matter jurisdiction of the Court and whether the amended complaint states a claim upon which relief can be granted.

1

## The amended complaint fails to state a claim upon which relief can be granted:

Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. As to the purported FLSA claim, the instant amended complaint fails both of the first two criteria, such that dismissal is appropriate, whether pursuant to Rule 12(b)(1) or 12(b)(6).

A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The claim must be "plausible": it cannot consist of "naked assertions devoid of further factual enhancement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008), quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

The instant amended complaint fails to show federal subject matter jurisdiction and/or the Plaintiff's right to recover under the Fair Labor Standards

Act, in that the facts pled do not show the applicability of FLSA. The Plaintiff's pleadings utterly fail to aver the requisite nexus to interstate commerce.[1] The amended complaint therefore fails to state an FLSA claim upon which this Court can grant relief.

When the amended complaint is stripped of legal conclusions, the Plaintiff has failed to plead facts showing that while performing services related to the Defendant's business he was engaged in commerce or in the production of goods for commerce, as commerce is defined at 29 United States Code § 203(b). He has similarly failed to plead facts showing that the Defendant's business is an enterprise engaged in commerce or in the production of goods for commerce, as commerce is defined therein.

The amended complaint avers that Menages is a private swingers' club located at 701 Drexel Street, Nashville, Davidson County, Tennessee.[2] (Amended Complaint, ¶5.) The Plaintiff worked for the Defendant as a valet from May 2013

---

[1] Under FLSA, employment may be covered pursuant to either "individual" or "enterprise" coverage. Prior to the introduction of enterprise coverage in 1961, the only individuals covered under the Act were those engaged directly in interstate commerce or in the production of goods for interstate commerce. Enterprise coverage substantially broadened the scope of the Act to include any employee of an enterprise engaged in interstate commerce, as defined by the Act. *Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 295 n.8, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985). Here, the Plaintiff has failed to plead facts evincing either aspect of coverage.

[2] The Defendant requests the Court to take judicial notice that downtown Nashville is approximately forty (40) miles from the nearest border of any adjoining state. (Or more precisely, the nearest adjoining Commonwealth.)

3

Case 3:14-cv-01041   Document 12   Filed 06/23/14   Page 3 of 12 PageID #: 37

until February 2014. *(Id., at ¶¶10-11.)* The Plaintiff's primary responsibility was to valet cars for the Defendant's patrons. The Plaintiff's additional duties included maintaining the grounds, taking out trash, running errands for patrons (including purchasing cigarettes and liquor), loading and unloading goods and products sold in the club and other duties assigned by the Defendant. *(Id., at ¶11.)*

The Plaintiff's amended complaint omits any factual averment that, while performing services related to the Defendant's business, the Plaintiff was engaged in trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof. Conspicuously absent is any averment that the nightclub sells any products to anyone other than the ultimate consumers thereof, nor that Defendant's annual gross volume of sales made or business done is not less than $500,000.

The Fair Labor Standards Act is construed "liberally to apply to the furthest reaches consistent with congressional direction," *Mitchell v. Lublin, McGaughy & Associates*, 358 U.S. 207, 211, 79 S.Ct. 260, 3 L.Ed.2d 243 (1959), in that broad coverage is essential to accomplish the goal of outlawing from interstate commerce goods produced under conditions that fall below minimum standards of decency. *Tony and Susan Alamo Foundation v. Secretary of Labor, supra,* 471 U.S. at 296; *Powell v. United States Cartridge Co.*, 339 U.S. 497, 516, 70 S.Ct. 755, 94 L.Ed. 1017 (1950). Parsing of the instant amended complaint and the relevant definitions set forth in the Act, however, shows that the Plaintiff's

4

parking cars outside a Nashville nightclub falls well short of even the broadest construction of the Act.

The FLSA requires at 29 U.S.C. § 206(a) that "[e]very employer shall pay to each of his employees ***who ... is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce***" a minimum wage. [Emphasis added]. For purposes of the Act, "commerce" means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof. 29 U.S.C. § 203(b). "Goods" means goods (including ships and marine equipment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer or processor thereof. 29 U.S.C. § 203(i).

"Produced" means produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this Act an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State. 29 U.S.C. § 203(j).

5

The Plaintiff at bar – a former valet parking attendant -- has utterly failed to adequately plead facts showing his individual coverage under FLSA.

Any suggestion of enterprise liability similarly fails. "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that:

> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $ 500,000 (exclusive of excise taxes at the retail level that are separately stated);
>
> (B) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); or
>
> (C) is an activity of a public agency.

29 U.S.C. § 203(s)(1).

The pleadings here fail to show that the Defendant Menages, Inc. falls within the ambit of coverage of the FLSA. That is important both as to the lack of federal subject matter jurisdiction and as to the failure of the Plaintiff to state a claim upon which relief can be granted.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. \_\_\_,

133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013). It has long been established that a complaint must allege facts which affirmatively show jurisdiction. A threshold question is whether or not, under the Fair Labor Standards Act, the plaintiff's complaint alleges facts establishing the jurisdiction of the Court. *Boerkoel v. Hayes Manufacturing Co.*, 76 F.Supp. 771, 773 (W.D. Mich. 1948).

Rule 12(b)(1) permits dismissal of a complaint for lack of jurisdiction over the subject matter. When the defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction and the court may resolve factual disputes. *Williams v. Hooah Security Services, LLC*, 729 F.Supp.2d 1011, 1012 (W.D. Tenn. 2010). Fed.R.Civ.P. 12(h) mandates that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. *See Scheuer v. Rhodes*, 416 U.S. 232, 235-37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, *see Ohio Nat'l Life Ins. Co. v. United States*, 922

7

F.2d 320, 325 (6th Cir. 1990), and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

The instant motion to dismiss can be treated in either manner. The Plaintiff's amended complaint fails to allege facts sufficient to bring this action within the ambit of FLSA.

The minimum wage provision of FLSA requires the plaintiff employee to prove that he was either: (1) "engaged in commerce or in the production of goods for commerce," or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). *See, Turcios v. Delicias Hispanas Corp.*, 275 Fed.Appx. 875, 881 (11th Cir. 2008); *see also, Young v. Kellex Corp.*, 82 F.Supp. 953, 955 (E.D. Tenn. 1948) (Plaintiff not entitled to overtime because the atomic bomb produced at his workplace in Oak Ridge was not an article of commerce).[3]

A court must look to the definitions section of the statute to determine the scope of coverage under the FLSA. Accordingly, the sections of the FLSA that provide the substantive relief, §§ 206 and 207, are intertwined with and dependent on the section of the FLSA that defines the scope of the FLSA, § 203. *Turcios*, at 882. *See also, Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 444 (6th Cir. 2006) (holding that subject matter jurisdiction and the merits are deemed sufficiently interwoven where the same statute sustains the basis of both).

---

[3] The District Court decision in *Young* predated the amendment of the Act to provide for "enterprise" coverage.

8

"To establish jurisdiction for an overtime violation under the FLSA, the plaintiff employee must show either, (1) individual coverage -- that the employee was engaged in commerce or in the production of goods for commerce; or (2) enterprise coverage -- that the employer was engaged in commerce or in the production of goods for commerce." *Guzman v. Irmadan, Inc.*, 551 F.Supp.2d 1368, 1370 (S.D. Fla. 2008). While *Guzman* involved a claim of failure to pay overtime wages, there is no reason to suppose that subject matter jurisdiction for a claim under § 207 of the Act differs from a claim under § 206.

Congress in enacting the Act plainly indicated its purpose to leave local business to the protection of the states. *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 570, 63 S.Ct. 332, 87 L.Ed. 460 (1943), citing S. Rep. No. 884, 75th Cong., 1st Sess., p. 5; 83 Cong. Rec., 75th Cong., 3d Sess., Pt. 8, p. 9169. The applicability of the Act is dependent on the character of the employees' work. The question of the Act's coverage depends on the special facts pertaining to the particular business. *Id.*, 317 U.S. at 572.

Through its passage of the FLSA, Congress established two types of coverage for employees, enterprise and individual. Each of these coverages hinges on the company engaging in interstate commerce. *Kowalski v. Kowalski Heat Transfer Co.*, 920 F.Supp. 799, 803 (N.D. Ohio 1996). To state a claim under § 206 of the FLSA, a plaintiff must properly allege, among other things, one of the following: (a) that plaintiff was engaged in commerce; (b) that plaintiff was engaged in the production of goods for commerce; or (c) that plaintiff was

9

Case 3:14-cv-01041 Document 12 Filed 06/23/14 Page 9 of 12 PageID #: 43

employed in an enterprise engaged in commerce or in the production of goods for commerce. See 29 U.S.C. § 206.

The Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce. *McLeod v. Threlkeld,* 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943). Therefore, for an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. *Thorne v. All Restoration Services, Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006).

Under individual or "traditional" coverage under the FLSA, an individual is covered by the Act if he has either "engaged in commerce" or "engaged in the production of goods for commerce." 29 U.S.C. § 206(a). "Produced" means produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of the Act an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State. 29 U.S.C. § 203(j).

There is no averment in the instant Plaintiff's pleadings that he was engaged in production of goods for commerce. The instant Plaintiff's pleading (¶11) avers merely that his job duties included primarily valeting cars, but also included maintaining the grounds, taking out trash, running errands for patrons and other duties assigned by the Defendant. No nexus between those activities and interstate commerce is pled.

The amended complaint similarly omits any averment that the activities of the Defendant, identified at ¶5 thereof merely as a private swingers' club[4] located at 701 Drexel Street, Nashville, Davidson County, Tennessee, qualifies the Defendant corporation as an enterprise engaged in commerce or in the production of goods for commerce as that phrase is defined at 29 U.S.C. § 203(s)(1).

FLSA individual coverage accordingly depends upon the extent to which the instant Plaintiff was "engaged in commerce." To be engaged in commerce, "a 'substantial part' of the employee's work must be related to interstate commerce." *Boekmeier v. Fourth Universalist Society*, 86 F.Supp.2d 280, 287 (S.D. N.Y. 2000), quoting *Divins v. Hazeltine Electronics Corp.*, 163 F.2d 100, 103 (2d. Cir. 1947), and *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 87 L. Ed. 460, 63 S. Ct. 332 (1943). Thus, under an individual theory of coverage, "the test under this

---

[4] If the Defendant may anticipate and parry an obvious pun, various decisions of the United States Supreme Court which juxtapose the words "commerce" and "intercourse" as synonyms, *e.g.*, *Associated Press v. National Labor Relations Board*, 301 U.S. 103, 128, 57 S.Ct. 650, 81 L.Ed. 953 (1937); *Gibbons v. Ogden*, 22 U.S. (9 Wheat) 1, 189, 6 L.Ed.23 (1824), do not do so in the context of swingers' clubs.

present act, . . . is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld,* 319 U.S. 491, 497, 87 L. Ed. 1538, 63 S. Ct. 1248 (1943).

In that the Plaintiff has here failed to properly plead a nexus to interstate commerce, he has failed to show the subject matter jurisdiction of this Court as to his FLSA claim and has failed plead an essential element of the purportedcause of action. The record in this matter shows that dismissal of the FLSA claim at the pleading stage is appropriate. The Defendant respectfully entreats the Court to so rule.

> Respectfully submitted,
>
> LONG & HERBISON, PLLC
> 110 Franklin Street, Suite 300
> Clarksville, Tennessee 37040
> (931) 896-2066
>
> _/s/ John E. Herbison_
> By: JOHN E. HERBISON    # 12659
>      FLETCHER W. LONG    # 18775
>
> Attorneys for Defendant

### CERTIFICATE OF SERVICE

I certify that the foregoing has been served electronically upon counsel for the Plaintiff via the Court's electronic filing system at yezbak@yezbaklaw.com this 23th day of June, 2014.

> _/s/ John E. Herbison_
> JOHN E. HERBISON

12