UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSHUA GULDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:14-cv-1041 |
| | ) | Judge Aleta A. Trauger |
| v. | ) | |
| | ) | |
| MENAGES, INC., | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM & ORDER

The defendant, Menages, Inc. ("Menages"), has filed a Motion to Dismiss (Docket No. 11), to which the plaintiff has filed a Response in opposition (Docket No. 15). For the reasons stated herein, the motion will be denied.

## BACKGROUND

According to the Amended Complaint, the plaintiff, Joshua Gulden, was employed as a valet parking attendant by Menages, which is a private "swingers' club" located in Nashville, Tennessee. Gulden alleges that his primary responsibility was "to valet cars for Defendant's patrons" and that he "regularly maintained the grounds, took out trash, ran errands for patrons (including purchasing cigarettes and liquor), loaded and unloaded goods and products sold in the club," and performed other unspecified "duties assigned by Defendant." (Am. Compl. ¶ 11.) Gulden specifically alleges that, "[a]t least once every workweek while employed by Defendant, Plaintiff handled goods or materials that had been moved in or produced for commerce (including, but not limited to, cigarettes, liquor, soft drinks, and cleaning products)." (*Id.* ¶ 12.) Gulden also alleges that Menages was an "employer of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d)," and that Menages "was an enterprise engaged in commerce or in the

1

production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A)." (*Id.* ¶¶ 6-7.) Gulden alleges that Menages failed to pay him any base wages, failed to record his hours worked, failed to record the amount of tips he received, forced him to pay for "insurance" that did not actually cover him, and provided him (and likely the Internal Revenue Service) a W-2 form that falsely represented that he had received wages. Based on these allegations, Gulden asserts two claims: (1) the defendant violated the FLSA by failing to pay him the required minimum wage; and (2) the defendant violated the Internal Code by filing a fraudulent W-2 form, in violation of 26 U.S.C. § 7434.

In the Motion to Dismiss, Menages seeks dismissal of Gulden's FLSA claim for (a) lack of subject matter jurisdiction under Rule 12(b)(1), or (b) failure to state a claim under Rule 12(b)(6).[1] In substance, Menages contends that the allegations in the Amended Complaint, even when construed in the light most favorable of Gulden, fail to meet the requirements for FLSA coverage under 29 U.S.C. § 206(a).

## **RULE 12(B)(6) STANDARD**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must

---

[1] The motion does not address Gulden's second claim, which arises under a different federal statute. Thus, the motion is more properly characterized as a partial motion to dismiss.

determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556.

## ANALYSIS

Under 29 U.S.C. § 206, "[e]very employer shall pay [a minimum wage] to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." Courts have construed § 206 as providing two grounds for coverage under the FLSA: (1) "individual coverage," which covers an employee who is "engaged in commerce or in the production of goods for commerce," or (2) "enterprise coverage," which covers employees of any "enterprise engaged in commerce or in the production of goods for commerce." *See Tony & Susan Alamo Foundation v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985).

Here, Menages contends that the allegations in the Amended Complaint, even when construed in the light most favorable to Gulden, fail to establish either individual or enterprise liability under the FLSA. Menages argues that the court should construe its challenge either as a

3

"facial attack" on the court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or as a challenge to the sufficiency of Gulden's allegations under Fed. Civ. P. 12(b)(6) for failure to state a claim. Although the Sixth Circuit has not addressed the issue, Supreme Court precedent and other circuit court precedent indicate that enterprise coverage or individual coverage under the FLSA is not "jurisdictional," but rather constitutes an element of the underlying claim. *See Reed Elsevier, Inc.*, 559 U.S.C. 154, 160-163 (2010) (finding that Title VII coverage requirements are not "jurisdictional"); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006) (same); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007) (FLSA numerosity requirement is not "jurisdictional," but constitutes an element of the claim); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014).[2] Numerous district courts, including at least one district court within the Sixth Circuit, have expressly held that FLSA coverage requirements are not jurisdictional. *See, e.g.*, *Williams v. Hooah Sec. Servs., LLC*, 729 F. Supp. 2d 1001, 1013-14 (W.D. Tenn. 2010); *Malloy v. Ass'n of State & Territorial Solid Waste Mgm't Officials*, 955 F. Supp. 2d 50, 53-54 (D.D.C. 2013).[3] This court agrees that the inquiry relates to an element of the claim, not to the court's subject matter jurisdiction over

---

[2] In *Lexmark*, the Supreme Court addressed whether a particular entity fell within the class of plaintiffs whom Congress authorized to sue under the Lanham Act, 15 U.S.C. § 1125. The court noted that, in some earlier caes, the Court had referred to this inquiry as involving an issue of "statutory standing" and had "treated it as effectively jurisdictional." *Id.* at 1338. However, the Court found that the Court's previous characterization of the inquiry in that manner was "misleading," because "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate cases." *Id.* (quoting *Verizon Md., Inc. v. Public Comm'n of Md.*, 535 U.S. 635, 642-43 (2002))(emphasis in original).

[3] In his opposition brief, Gulden cites numerous other district courts that reached the same conclusion, cases which this court incorporates by reference herein. (*See* Docket No. 15 at p. 5.)

claims arising under federal law (whether or not the allegations, as pleaded, are sufficient to satisfy the elements of a claim under the FLSA). Accordingly, the court will analyze the issue under the Rule 12(b)(6) standard.[4]

Here, construing the allegations in the light most favorable to Gulden, Gulden has adequately pleaded both enterprise coverage and individual coverage.

With respect to enterprise coverage, Section 203(s)(1) [§ 3(s)(1) of the FLSA] defines an "enterprise engaged in commerce or in the production of goods for commerce" as an enterprise that: "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." *Id.* at § 203(s)(1)(A)(i)-(ii). "Commerce" under the FLSA is broadly defined to mean "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." § 203(b). "Goods" means "goods [], wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." 29 U.S.C.

---

[4] The court notes that, even if the court were to construe the motion as properly addressed under Rule 12(b)(1), the court's analysis – and the court's conclusions – would be the same. The plaintiffs have mounted only a "facial attack" on the substance of the Amended Complaint's allegations as they relate to coverage under the FLSA. Because a facial attack questions "merely the sufficiency of the pleading," a court addressing a facial attack must "take the allegations in the complaint as true, and if those allegations establish a federal claim, jurisdiction exists." *Portsmouth Ambulance, Inc. v. United States*, 5758 F.3d 494, 498 (6th Cir. 2014) (internal quotation, brackets, and citation omitted). As set forth herein, the allegations, if taken as true, do establish that the FLSA applies here.

§ 203(i). "Produced" means "produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this [Act] an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State." 29 U.S.C. § 203(j). "[T]he FLSA has been construed liberally to apply to the furthest reaches consistent with congressional direction." *Ferguson v. Neighborhood Housing Servs. of Cleveland, Inc.*, 780 F.2d 549, 553 (6th Cir. 1986) (quoting *Mitchell v. Lublin, McGaughy & Assoc.*, 358 U.S. 207, 211 (1959)).

The Amended Complaint (1) incorporates by reference § 3(s)(1)(A) of the FLSA, (2) alleges that Gulden "handled" "goods and products" sold within the club that been moved in interstate commerce, including cigarettes, liquor, soft drinks, and cleaning products, (3) alleges that at least one other valet worked at the club, and (4) contains allegations that gave rise to a reasonable inference that some other employee(s) sold (to customers) the goods moving in interstate commerce, given that the plaintiff only alleges that he "handled" (rather than sold) the goods. Also, by incorporating § 3(s)(1)(A), the plaintiff has sufficiently alleged that Menages has an annual gross volume of sales over $500,000. Therefore, the allegations plausibly establish that FLSA enterprise coverage attaches to Menages. Discovery will flesh out whether the FLSA actually applies to Menages' business.[5]

---

[5] At least one district court has found that, under the circumstances presented in that case, a gentleman's club is an "enterprise" under the FLSA. *See Reich v. Priba Corp.*, 890 F. Supp. 586, 589 (N.D. Tex. 1995).

As to individual coverage, "the test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960) (citation omitted); *see also Marshall v. Victoria Trans. Co.*, 603 F.2d 1122, 1124 (5th Cir. 1979) ("[A]ny regular contact with commerce, no matter how small, will result in coverage.") (quoting *Mabee v. White Plains Publ'g Co., Inc.*, 327 U.S. 178 (1946)). Thus, "the character of the employee's activities is determinative, not the nature of the employer's business." *Overstreet v. N. Shore Corp.*, 318 U.S. 494, 498 (1943). Here, Gulden alleges that he ran errands purchasing cigarettes and liquor for patrons and that he loaded and unloaded goods sold to patrons of the club. He also alleges that, at least one per week, he handled goods or materials that had been moved in or produced for commerce, including cigarettes, liquor, soft drinks, and cleaning products. Although the relationship to interstate commerce with respect to individual coverage may be more attenuated than the allegations related to enterprise coverage, these allegations plausibly establish that Gulden handled and unloaded goods from outside the state to be sold to club patrons as part of the stream of interstate travel of those goods.[6]

The court emphasizes that its opinion is simply that Gulden has alleged sufficient facts to plausibly state a claim for individual or enterprise coverage under the FLSA. The issue of whether the requisite FLSA coverage actually applies to Menages or Gulden, particularly as the issue relates to the scope of "commerce" under the FLSA, is a legitimate question that will be the

---

[6] At least some courts have permitted claims related to valets to proceed under the FLSA, although it does not appear that defendants in those cases disputed that the requisite relationship to "commerce" had been satisfied. *See, e.g., Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185 (5th Cir. 1979).

subject of appropriate discovery and that may be the subject of a Rule 56 motion – premised on a developed factual record – at an appropriate stage in the case.

For the reasons stated herein, the defendant's Motion to Dismiss is **DENIED**.

It is so **ORDERED**.

Enter this 25th day of August 2014.

_____
ALETA A. TRAUGER
United States District Judge